986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah WHITAKER, Defendant-Appellant.
 No. 90-3570.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1993.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 This appeal questions the district court's interpretation of the Application Note in the Sentencing Guidelines that authorizes an upward departure when a defendant has been convicted of trafficking in controlled substances of unusually high purity. The Application Note at issue provides:
 
 
 2
 Trafficking in controlled substances, compounds, or mixtures of unusually high purity may warrant an upward departure, except in the case of PCP or methamphetamine for which the guideline itself provides for the consideration of purity.... The purity of the controlled substance, particularly in the case of heroin, may be relevant in the sentencing process because it is probative of the defendant's role or position in the chain of distribution. Since controlled substances are often diluted and combined with other substances as they pass down the chain of distribution, the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs. As large quantities are normally associated with high purities, this factor is particularly relevant where smaller quantities are involved.
 
 
 3
 United States Sentencing Commission, Guidelines Manual, § 2D1.1, comment. (n. 9).
 
 
 4
 Defendant entered a plea of guilty to possession of heroin with intent to distribute. According to the facts recited at the plea hearing and those found in the presentence report to which defendant did not object, members of a drug interdiction team of the Columbus, Ohio Police Department received information from a suburban police department that defendant was returning to Columbus from New York with high-grade heroin. Columbus police officers stopped defendant at Port Columbus International Airport as she left a flight arriving from Newark, New Jersey. When she consented to a search, the officers discovered a package they believed to contain heroin. Laboratory analysis determined the substance in the package to be 91.36 grams of eighty-six percent pure heroin.
 
 
 5
 At sentencing, the district judge advised defense counsel that he was considering an upward departure based upon the unusually high purity of the heroin and directed counsel's attention to the above-quoted Application Note. In response, counsel pointed out the lack of any evidence in the presentence report that defendant was involved in the actual distribution and sale of the heroin or that she was "any type of ring leader or the person who put this conspiracy ... together, they used her as a runner, and ... [s]he basically did it for somebody else and was to have a very small part of any proceeds...." The government noted that the heroin was of unusually high purity when contrasted with heroin distributed on the street, and pointed to the following paragraph of the presentence report:
 
 
 6
 In this instance, the heroin the defendant was attempting to smuggle into Columbus was exceptionally pure: 86%. According to a Columbus Police Department Narcotics Detective, the street percentage of heroin is between 2% and 5%. Five percent heroin is characterized as very good "street" heroin. If the heroin brought in by the defendant was diluted or combined with other substances four times, the amount would change to 1456 grams of 5.37% heroin. This being the case, the guidelines allow that drugs of an unusually high purity may warrant an upward departure, particularly in the case of heroin (see Sentencing Guideline Manual, Pgs. 2-46, Application Note # 9). In this instance, if the Court considers that the 91 grams of 86% pure heroin could have been sold on the street as 1456 grams of 5.37% heroin, the 1456 grams translates in the Drug Quantity Table to 2D1.1(a)(3)(c)(6) (at least 1 kg but less than 3 kg of heroin) or level 32. Deducting two levels for acceptance of responsibility, the defendant could be sentenced at level 30, criminal history category I or between 97 and 121 months.
 
 
 7
 Following this discussion with counsel, the court concluded that it would depart upward based on the "unusual purity of the drug which was found to be 86 percent pure heroin which is many, many times the street level purity of heroin. The Court feels that appropriate departure is a two-level departure from the total offense level of 22 to a total offense level of 24."
 
 
 8
 On appeal, defendant contends that the upward departure was not warranted, that the extent of the departure was excessive, and that the district court failed to adequately articulate its reason for departing.
 
 
 9
 Under the Application Note, an upward departure will be warranted where trafficking in heroin of unusually high purity indicates to the sentencing judge that the defendant occupied a prominent role in the criminal enterprise and proximity to the source of the heroin. The Note alerts the judge that a defendant occupying an unusually significant role or position in the chain of distribution so significantly differs from the norm that an upward departure is warranted. It also points out the importance of trafficking in heroin of unusually high purity as evidence that a defendant may occupy such an unusually prominent role.
 
 
 10
 Accordingly, it is not the fact of unusual purity standing alone that warrants the departure. Instead, it is the defendant's having occupied an unusually significant role or position that makes him or her more culpable and deserving of higher punishment. Any other interpretation would mean that a defendant who occupies a relatively low position in the chain of distribution as a courier or "mule" from a source country could qualify for an upward departure, since high-purity heroin takes up less space and one would expect the drug to be imported in that form.
 
 
 11
 Our concern, based upon the sentencing court's stated rationale for the upward departure, is that the court may have based the departure solely upon the purity of the heroin involved. The departure would not be warranted if the purity of the heroin did not indicate to the sentencing judge that defendant occupied an unusually significant role or position in the criminal enterprise's chain of distribution.
 
 
 12
 We are not persuaded by defendant's argument that a two-level departure was unreasonably high should the departure be warranted under circumstances referred to above. In view of our decision to remand, we need not reach the third issue raised by defendant.
 
 
 13
 For the reasons stated, this cause is remanded to the district court for reconsideration of the two-level upward departure.